### LINE MATERIAL CO. et al. v. COE, Com'r of Patents.

### No. 5176.

District Court of the United States for the District of Columbia.

May 6, 1941.

634

Arthur R. Woolfolk, of Milwaukee, Wis., and Watts Estabrook, of Washington, D. C. (Chester W. Brown, of Milwaukee, Wis., and Carl A. Hellmann, of Washington, D. C., of counsel), for plaintiffs.

W. W. Cochran, Sol. of Patent Office, and C. W. Moore, both of Washington, D. C., for defendant.

BAILEY, District Judge.

1. This is an action brought under the provisions of Section 4915, R.S.,U.S.C.A. Title 35, § 63, in which it was sought to have the Court find that plaintiff Line Material Company is entitled to the issuance of a patent on application Serial No. 215,977 of plaintiff William O. Schultz relating to fuse constructions, containing claims 2 to 8 and 10 to 12, as set forth in paragraph 10 of the bill of complaint.

2. The application of William O. Schultz Serial No. 215,977 involved in this suit is a continuation in part of the parent application of William O. Schultz Serial No. 727,250 filed May 24, 1934. Both of these applications are assigned to the plaintiff Line Material Company.

3. During the prosecution of the parent Schultz application Serial No. 727,250, such application was involved in interferences, among which were Interference No. 72,801, No. 72,802 and No. 73,033, in which the present claims 10, 11 and 12 of the continuation in part application formed issues. The Primary Examiner held that the parent application of Schultz Serial No. 727,250 did not support said claims 10, 11 and 12, and this decision was affirmed by the Board of Appeals in an interlocutory inter partes appeal.

4. During the prosecution of the parent Schultz application, Serial No. 727,250, such application also was involved in further interferences Nos. 72,798 and 72,799, and during the pendency of these interferences additional claims were suggested for additional interferences to involve said parent application which are the same as claims 2 to 8 of the present continuation in part application, and it was held by the Primary Examiner that Schultz was not entitled to make these claims on the ground that the parent application did not support these claims. This holding was affirmed by the Board of Appeals in an interlocutory inter partes appeal.

5. After the decision of the Board of Appeals, Schultz filed the present continuation in part application. The Primary Examiner rejected claims 2 to 8 and 10 to 12 on the ground of estoppel. This decision was affirmed by the Board of Appeals.

Conclusions of Law.

1. Plaintiffs are estopped to present claims 10, 11 and 12 in the present application.

2. Plaintiffs are not entitled to a patent containing claims 10, 11 and 12, as to which claims the complaint should be dismissed.

3. There is no estoppel either by judgment or in pais as to claims 2 to 8, inclusive, of the present application.

4. Plaintiffs are entitled to a patent containing claims 2 to 8, inclusive, of the present application.

5. The question of whether or not the parent application supports any of the claims involved in this suit is not relevant in this proceeding and such question is, therefore, not decided. Since the question of whether or not the parent application supports the claims involved in this suit is not decided, all evidence offered on that question is held to be incompetent in this action which involves the present application only.

### Opinion

This action is based upon an application filed in the Patent Office by the co-plaintiff, Schultz, Serial No. 215,977. The claims in suit were also set out in the parent application, Serial No. 727,250. These claims, which are the same as Nos. 10, 11, and 12 in the present application, were held invalid in three interferences in the Patent Office and were dissolved by the Primary Examiner on the ground that they were not supported by the application, Serial No. 727,250. Claims in the Parent application which are the same as claims 2 to 8 of the present application were involved in two interferences and were dissolved as to Schultz on the same grounds. These rulings of the Patent Examiner were approved by the Board of Appeals.

Schultz, after the decision of the Board of Appeals, filed the present application, setting forth the claims which he had been denied the right to make in the parent application. He did not move under Rule 109 of the Patent Office to seek inter partes the inclusion of this present application, but sought to have it included ex parte.

The Patent Office held that Schultz was estopped to make his present claims by reason of his not having promptly moved to file his present application and moved to bring these counts into the interference after the original action upon the counts in Serial No. 727,250, instead of waiting until after the decision of the Board of Appeals upon the appeal.

I agree with the Board of Appeals as to Claims 10, 11 and 12, but it is conceded by the attorney for the Patent Office that claims Nos. 2 to 8 of the present application could not have been included in the interferences involving similar counts in the interference proceedings. I do not agree with the contention of the defendants that there is any estoppel, either by judgment or in pais as to these claims 2 to 8.

I do not think that the question whether the parent application supports the counts involved in this suit or not is relevant in this proceeding which is based upon the later application. But apart from this I think that the evidence offered on that question is incompetent. As said by Commissioner Allen in Dow v. Converse, cited by counsel for the Patent Office, "The question was not whether Dow was in the possession of the invention, but whether he disclosed it. That question must obviously be determined from the application itself". 108 Off. Gaz. 2291.

BAILEY, J.